```
                                              FILED
UNITED STATES DISTRICT COURT                  SEP 15 2014
FOR THE DISTRICT OF COLUMBIA
                                              Clerk, U.S. District and
                                              Bankruptcy Courts
```

Koffi M. Gbikpi,            )
                            )
    Plaintiff,   )
                            )
v.                          )     Civil Action No. 14-1564
                            )
U.S. Attorney General *et al.*, )
                            )
    Defendants.  )

## MEMORANDUM OPINION

This matter is before the Court on its initial review of plaintiff's complaint and the accompanying application to proceed *in forma pauperis*. For the following reasons, the Court will grant the *in forma pauperis* application and will dismiss this action for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3) (requiring dismissal of an action "at any time" the Court determines that it lacks subject matter jurisdiction).

Plaintiff submitted this action while confined at the Federal Medical Center in Butner, North Carolina. He subsequently submitted a notice changing his address to a residence in Clearwater, Florida. Plaintiff challenges his commitment pursuant to 18 U.S.C. § 4241, governing "[d]etermination[s] of mental competency to stand trial to undergo postrelease proceedings." *See* Compl. at 4-5 (Statement of Claim). Plaintiff claims that "[t]he Attorney General['s] decision of commit [sic] to prison has hurt me mentally and emotionally and will hurt my reputation for the rest of my life," and he seeks $20 million in monetary damages. *Id.* at 5.

Plaintiff purports to sue the U.S. Attorney General and the U.S. Department of Justice. *See* Compl Caption. Such a suit is in effect against the United States, *see Kentucky v. Graham*, 473 U.S. 159, 165-66 (1985), and the United States may be sued only upon consent "unequivocally expressed in statutory text[.]" *Lane v. Pena*, 518 U.S. 187, 192 (1996).

The Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346, 2671-80, provides a limited waiver of the sovereign's immunity for money damages "under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." *Id.*, § 1346(b)(1). The United States has not consented to be sued for conduct, such as alleged here, stemming from "the failure of the United States to carry out a federal statutory duty in the conduct of its own affairs." *Hornbeck Offshore Transp., LLC v. U.S.*, 569 F.3d 506, 510 (D.C. Cir. 2009) (citation and internal quotation marks omitted). Even if the complaint presents a potential claim under the FTCA, jurisdiction is wanting because plaintiff has not indicated that he has exhausted his administrative remedies by "first present[ing] the claim to the appropriate Federal agency. . . .," 28 U.S.C. § 2675, and this exhaustion requirement is jurisdictional. *See Abdurrahman v. Engstrom*, 168 Fed.Appx. 445, 445 (D.C. Cir. 2005) (per curiam) (affirming the district court's dismissal of unexhausted FTCA claim "for lack of subject matter jurisdiction"); *accord Simpkins v. District of Columbia Gov't*, 108 F.3d 366, 371 (D.C. Cir. 2007). Hence, this case will be dismissed. A separate Order accompanies this Memorandum Opinion.

DATE: September 11, 2014

United States District Judge